■ Viktor Sinyuts et al., Respondents, v New York City Transit Authority, Appellant. [831 NYS2d 499]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated August 10, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff Viktor Sinyuts sustained serious personal injuries, requiring the amputation of his right leg, when he was struck by a subway train as he lay on the tracks of the "N" line in Brooklyn, which, at the subject location, runs in an exposed trench below street level. He and his wife commenced the present action, alleging, inter alia, that the motorman's failure to stop the train in time to avoid the accident constituted negligence on the part of the defendant.

The Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. "Where a motorman of a subway train sees a person lying on the tracks abutting a subway station platform, from such a distance and under such other circumstances as to permit him, in the exercise of reasonable care, to stop before striking the person, the motorman's failure to avoid the accident may be found to be negligence" (*Coleman v New York City Tr. Auth.*, 37 NY2d 137, 140 [1975]). Furthermore, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The defendant's submissions failed to eliminate all issues of fact as to whether the motorman could have stopped the train in time to avoid an accident. The defendant's remaining contention is without merit. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.